IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA     :
                             :
         v.                  :          1:11CR203-1
                             :
THOMAS MARSHALL BYRD         :

FACTUAL BASIS

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and as a factual basis under Rule 11, Federal Rules of Criminal Procedure, states the following:

On March 31, 2010, as the result of a traffic stop and a subsequent search warrant that was executed at 945 East 2nd Street, Winston-Salem, North Carolina, the Winston-Salem Police Department (WSPD) seized a quantity of cocaine hydrochloride, crack cocaine, and two (2) firearms.

On March 31, 2010, WSPD Officer B. E. Wenzel received information from a confidential source that "Pooh" would be delivering a quantity of cocaine hydrochloride to the 1800 block of Kentucky Avenue. Officers conducted a traffic stop of a gray Volkswagen station wagon driven by James Stowe. Lemonn Orlando Washington, also known as "Pooh," was located in the passenger seat during the stop, Washington was frisked and a large bulge was felt in his pants pocket. When asked about the bulge, Washington replied that it was "drugs." Officers retrieved the

white powdery substance from Washington's pants pocket which later field tested positive for the presence of cocaine. According to the North Carolina State Bureau of Investigation laboratory report, the substance was 83.6 grams (net weight) of cocaine hydrochloride. Also located on Washington's person was approximately $723 in United States currency.

Mr. Stowe was interviewed and he advised officers that Washington had called him; that he had picked him up in front of 945 East 2nd Street; and that he had then taken him to Kentucky Avenue. The confidential source had already told officers that "Pooh" was known to stay at 945 East 2nd Street, and during surveillance of this location, officers had observed a burgundy and black Dodge Magnum parked in front of that location. During the traffic stop of the Volkswagen, officers observed the same Dodge Magnum drive by their location and then return to 945 East 2nd Street. Officers approached the driver of this vehicle, who was identified as THOMAS MARSHALL BYRD (Defendant BYRD). Defendant BYRD was advised that officers were conducting a narcotics investigation. During a frisk of Defendant BYRD, a bag of marijuana was located in his pocket. As additional officers approached that apartment, Defendant BYRD lunged for his cellular phone then began yelling at an occupant that was looking out of the window of 945 East 2nd Street, Apt B. The occupant of the apartment was identified as Jonay Howard. Based on officers

2

interaction with Ms. Howard and the totality of the facts of the investigation, officers decided to secure the apartment in order to obtain a search warrant. After obtaining a search warrant for the apartment, officers located a quantity of cocaine hydrochloride, cocaine base, two firearms, drug paraphernalia and numerous items that had cocaine residue on them which were used in the production of crack cocaine. One of the firearms, a Taurus .38 caliber revolver, serial number G164370, was found in a kitchen drawer. The other firearm, a two-shot Panzer .22 caliber Derringer, was located in a bedroom. According to the North Carolina State Bureau of Investigation laboratory report, the substance seized from the residence was 252.0 grams (net weight) of cocaine hydrochloride and 137.6 grams (net weight) of cocaine base.

During this investigation, WSPD Officer C. A. Luper read to Jonay Howard her Miranda Rights which she waived. Ms. Howard advised that she lived in the apartment by herself but that Defendant BYRD (her cousin) had been to her apartment that day. Regarding the cocaine that was located within her residence, she advised that it was not hers. When asked if she knew that someone had been cooking crack cocaine in her kitchen, Ms. Howard said that she did not know about that because she had been asleep. When asked how she could not hear the blender and the pots and pans in the kitchen, Ms. Howard just smiled at the

3

officers.  Later when asked again to whom the drugs belonged, Ms. Howard advised that the drugs were not hers but that she would not say to whom they belonged but that they (police) already knew who they belonged to.  Regarding the firearms located in the residence, Ms. Howard advised that she had a 2-shot Derringer which was located in a purse in the bedroom.  She advised that there should not be any other firearms in the residence.  Ms. Howard further advised that she would take the charge for the guns in the residence, but when asked to describe the second gun, she could not.  She claimed that the second gun was not hers but she would take it (meaning the charge).

In a subsequent statement, Ms. Howard admitted that Defendant BYRD had paid the rent for Ms. Howard's previous apartment in return for the use of the apartment to cook cocaine into crack cocaine.  She stated that the .38 revolver found in the kitchen had been brought to her previous residence by Defendant BYRD.  Ms. Howard admitted that Defendant BYRD had a key to her residence at 945 East 2nd Street, Apartment B. According to Ms. Howard, Washington and Defendant BYRD worked together in the drug business and they had brought nine (9) ounce quantities of powder cocaine to her previous residence in Piedmont Circle on several occasions in 2009 to cook into crack cocaine.

4

This the 30th day of May, 2012.

                        Respectfully submitted,

                        RIPLEY RAND
                        UNITED STATES ATTORNEY


                        /S/ RANDALL S. GALYON
                        Assistant United States Attorney
                        NCSB #23119
                        United States Attorney's Office
                        Middle District of North Carolina
                        251 N. Main Street
                        Winston-Salem, NC  27101
                        Phone:  336/631-5268
                        E-mail: randall.galyon@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on May 30, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Teresa D. Stewart, Esquire.

                                    /S/ RANDALL S. GALYON
                                    Assistant United States Attorney
                                    NCSB #23119
                                    United States Attorney's Office
                                    Middle District of North Carolina
                                    251 N. Main Street
                                    Winston-Salem, NC  27101
                                    Phone:  336/631-5268
                                    E-mail: randall.galyon@usdoj.gov