IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:11CR203-1 |
| v. | : | |
| THOMAS MARSHALL BYRD | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, THOMAS MARSHALL BYRD, in his own person and through his attorney, Teresa D. Stewart, and state as follows:

1. The defendant, THOMAS MARSHALL BYRD, is presently under Indictment in case number 1:11CR203-1, which in Count One charges him with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), as to object one, conspiracy to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack"), and as to object two, conspiracy to distribute quantities of a mixture and substance containing a detectable amount of cocaine hydrochloride; Count Three charges him with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), possession with intent to distribute 137.6 grams of a mixture and substance containing a detectable amount of cocaine base ("crack"); Count Four charges him with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), possession with intent to distribute 252.0 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride; Count

Five charges him with a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), possession of a firearm in furtherance of a drug trafficking crime; and Count Six charges him with a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), felon in possession of a firearm.

    2. The defendant, THOMAS MARSHALL BYRD, will enter a voluntary plea of guilty to object one of Count One and Count Five of the Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, THOMAS MARSHALL BYRD, understands as to object one of Count One of the Indictment that he shall be sentenced to a term of imprisonment of not less than ten years, or more than life, a fine not to exceed $10,000,000, or both. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least five years in addition to such term of imprisonment.

    b. The defendant, THOMAS MARSHALL BYRD, understands that the statutory penalty for Count Five of the Indictment provides that he shall be sentenced to imprisonment for not less than five years; that such term of imprisonment cannot run concurrently with any other term of imprisonment; that he cannot be placed on probation or receive a suspended sentence; and that he shall not be eligible for parole. Defendant, THOMAS MARSHALL BYRD, further understands that the maximum fine for Count Five of

2

the Indictment is $250,000. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

   c. The defendant, THOMAS MARSHALL BYRD, also understands that as to Count Five of the Indictment the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

   d. The defendant, THOMAS MARSHALL BYRD, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

   e. The defendant, THOMAS MARSHALL BYRD, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his

3

immigration status. The defendant, THOMAS MARSHALL BYRD, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to object one of Count One and Count Five of the Indictment herein, the defendant, THOMAS MARSHALL BYRD, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, THOMAS MARSHALL BYRD, is going to plead guilty to object one of Count One and Count Five of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, THOMAS MARSHALL BYRD, to object one of Count One and Count Five of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining counts and object two of Count One of the Indictment as to the defendant,

4

THOMAS MARSHALL BYRD. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

    b. The defendant, THOMAS MARSHALL BYRD, agrees that the substance involved in the offense alleged in object one of Count One of the Indictment for which he is accountable is 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine base ("crack").

    c. It is further understood that if the Court determines at the time of sentencing that the defendant, THOMAS MARSHALL BYRD, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

    d. It is further agreed by and between the United States and the defendant, THOMAS MARSHALL BYRD, that, in exchange for the Government not filing an Information of Prior Conviction for his conviction of sell cocaine and possess with intent to manufacture, sell and deliver cocaine on March 7, 2000, the defendant, THOMAS MARSHALL BYRD, expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United

States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

6. It is further understood that the United States and the defendant, THOMAS MARSHALL BYRD, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, THOMAS MARSHALL BYRD, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 23rd day of May, 2012.

RIPLEY RAND  
United States Attorney

*Randall S. Galyon/SH*  
RANDALL S. GALYON  
NCSB #23119  
Assistant United States Attorney

    P. O. Box 1858  
    Greensboro, NC 27402

    336/333-5351

TERESA D. STEWART  
Attorney for Defendant

*Thomas Marshall Byrd*  
THOMAS MARSHALL BYRD  
Defendant

7