1               IN THE UNITED STATES DISTRICT COURT

2             MIDDLE DISTRICT OF NORTH CAROLINA

3

UNITED STATES OF AMERICA    )

4                       )  Case No. 1:11CR203-1

     vs.               )

5                       )  Greensboro, North Carolina

THOMAS MARSHALL BYRD,      )

6                       )  June 1, 2012

     Defendant.       )

7  _____)  9:38 a.m.

8

9             TRANSCRIPT OF CHANGE OF PLEA

10       BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.

11           UNITED STATES DISTRICT JUDGE

12

APPEARANCES:

13

For the Government:  MICHAEL DEFRANCO, AUSA

14                 Office of the U.S. Attorney

                 101 S. Edgeworth Street, 4th Floor

15                Greensboro, North Carolina 27401

16

17  For the Defendant:  TERESA DAWN STEWART, ESQUIRE

                 Law Office of Teresa Stewart

18                868 W. Fourth St.

                 Winston-Salem, NC 27101

19

20

Court Reporter:     Joseph B. Armstrong, RMR, FCRR

21                324 W. Market, Room 101

                 Greensboro, NC  27401

22

23

24        Proceedings reported by stenotype reporter.

     Transcript produced by Computer-Aided Transcription.

25

1          Greensboro, North Carolina

2          June 1, 2012

3          (At 9:38 a.m., proceedings commenced.)

4          THE COURT:  All right.  Good morning,

5  Mr. DeFranco.

6          MR. DeFRANCO:  Good morning, Your Honor.

7          THE COURT:  You may proceed.

8          MR. DeFRANCO:  Your Honor, the first matter is on

9  for a change of plea, United States of America versus Thomas

10  Marshall Byrd, 1:11CR203-1.  The defendant is represented by

11  Teresa Stewart, Your Honor.

12          THE COURT:  Good morning, Ms. Stewart.

13          MS. STEWART:  Good morning, Your Honor.

14          THE COURT:  Are you and Mr. Byrd ready to proceed

15  this morning?

16          MS. STEWART:  Yes, Your Honor.

17          THE COURT:  All right.  I'm going to note at the

18  outset I have looked at the plea agreement, Mr. DeFranco.  I

19  don't know what your position will be on this, but this

20  indictment charges and the defendant will be pleading to a

21  pre -- looks like a pre-Fair Sentencing Act offense.

22          MR. DeFRANCO:  Yes, Your Honor.

23          THE COURT:  And I previously held that the Fair

24  Sentencing Act is not to be retroactively applied.  I think

25  different judges have held it different ways.  So my

1    intention at this hearing would be to advise the defendant

2    of the penalties as set forth in the plea agreement, which I

3    think are the old penalties, not less than 10 or more than

4    life as to Object One of Count One.

5         But presently pending now in the Supreme Court is

6    *Dorsey* or one of the Seventh Circuit cases that's going to

7    resolve that issue as to whether or not the Fair Sentencing

8    Act statutory penalties are to be applied retroactively;

9    and, ultimately, I certainly will apply what ever's held by

10   the Supreme Court to Mr. Byrd's case.  So if they say the

11   penalties apply retroactively, then the lower statutory

12   penalties that are set out in the Fair Sentencing Act would

13   be applied to Mr. Byrd's case.  If they hold that it does

14   not, then the penalties I think -- the penalties I'll be

15   advising Mr. Byrd of today will be the ones that will apply.

16        Any disagreement on that at this point?

17        MR. DeFRANCO:  No, Your Honor.

18        MS. STEWART:  No, Your Honor.

19        THE COURT:  All right.  Then in that case,

20   Ms. Stewart, have you had enough time to review the

21   Government's agency file?

22        MS. STEWART:  Yes, Your Honor.

23        THE COURT:  And do you believe Mr. Byrd

24   understands the charges and the nature of this hearing?

25        MS. STEWART:  Yes, Your Honor.

US v. Byrd - Change of Plea - June 1, 2012

1        THE COURT:  And is it his intention to enter a

2  plea of guilty here this morning?

3        MS. STEWART:  Yes, Your Honor.

4        THE COURT:  Has anyone made any threats or

5  promises to Mr. Byrd to induce his plea of guilty other than

6  those contained in the plea agreement?

7        MS. STEWART:  No.

8        THE COURT:  And is it your recommendation that I

9  accept his plea of guilty?

10       MS. STEWART:  Yes, Your Honor.

11       THE COURT:  Mr. Byrd, I'm going to ask Ms. Welch

12  to administer the oath to you at this time.

13       (Defendant sworn by the clerk.)

14       THE COURT:  Mr. Byrd, you are now under oath; and

15  because you're under oath, if you answer any of my questions

16  falsely, those answers may later be used against you in a

17  separate prosecution for perjury or making a false

18  statement.  Do you understand that?

19       THE DEFENDANT:  Yes, sir.

20       THE COURT:  Would you state your full name,

21  please, sir?

22       THE DEFENDANT:  Thomas Marshall Byrd.

23       THE COURT:  And how old are you, Mr. Byrd?

24       THE DEFENDANT:  Twenty-nine.

25       THE COURT:  How far did you go in school?

US v. Byrd - Change of Plea - June 1, 2012

1          THE DEFENDANT:  Tenth grade.

2          THE COURT:  And are you able to read and

3  understand the indictment and the plea agreement in this

4  case?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  And have you been treated recently for

7  any mental illness or addiction to narcotic drugs?

8          THE DEFENDANT:  No, sir.

9          THE COURT:  Are you currently under the influence

10  of any drug, medication, or alcoholic beverage of any kind?

11          THE DEFENDANT:  No, sir.

12          THE COURT:  And are you able to hear me and

13  understand this proceeding?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Have you received a copy of the

16  indictment and reviewed it with Ms. Stewart?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Do you understand the indictment and

19  the charges against you?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  And have you fully discussed the

22  charges contained in the indictment and the case in general

23  with Ms. Stewart?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  And have you and Ms. Stewart discussed

1    any possible defenses you might have to these charges?

2             THE DEFENDANT:  Yes, sir.

3             THE COURT:  Are you fully satisfied with the

4    services of Ms. Stewart and her counsel, representation, and

5    advice?

6             THE DEFENDANT:  Yes, sir.

7             THE COURT:  In your case, Mr. Byrd, a written plea

8    agreement has been filed that on page 7 appears to have the

9    signature of Thomas Marshall Byrd.  Is that your signature?

10            THE DEFENDANT:  Yes, sir.

11            THE COURT:  Ms. Stewart, as I understand

12   Mr. Byrd's plea agreement, he is agreeing to enter a

13   voluntary plea of guilty to the offenses charged in Object

14   One of Count One and to Count Five of the indictment.

15            In exchange for his plea of guilty, the United

16   States has agreed to not oppose a motion to dismiss any

17   remaining counts at the time of sentencing.

18            The United States has agreed to recommend Mr. Byrd

19   for a reduction in his offense level pursuant to Section

20   3E1.1(b) of the sentencing guidelines if he otherwise

21   qualifies.

22            And Mr. Byrd has further agreed that the substance

23   involved in the offense alleged in Object One of Count One

24   is 5 kilograms or more of a mixture and substance containing

25   a detectable amount of cocaine base, or crack.

US v. Byrd - Change of Plea - June 1, 2012

1          Finally, in exchange for the Government's
2   agreement to not file an information of prior conviction in
3   Mr. Byrd's case, he is waiving his right to appeal the
4   conviction and sentence imposed and also to challenge the
5   conviction and sentence in any post conviction proceeding
6   except for the four exceptions that are listed in the plea
7   agreement.
8          Is that your understanding of Mr. Byrd's plea
9   agreement in this case?
10          MS. STEWART:  Yes, Your Honor.
11          THE COURT:  And does this plea agreement contain
12  all the terms and conditions of Mr. Byrd's agreement with
13  the United States?
14          MS. STEWART:  Yes, Your Honor.
15          THE COURT:  Mr. Byrd, is my summery of the plea
16  agreement the same as your understanding of the terms of
17  your plea?
18          THE DEFENDANT:  Yes, sir.
19          THE COURT:  And have you had enough time to review
20  the plea agreement and discuss it with Ms. Stewart?
21          THE DEFENDANT:  Yes, sir.
22          THE COURT:  Do you understand all of the terms of
23  your plea agreement?
24          THE DEFENDANT:  Yes, sir.
25          THE COURT:  Does this plea agreement represent the

US v. Byrd - Change of Plea - June 1, 2012

1    entire agreement between you and the United States in this
2    case?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Mr. Byrd, the provisions of your plea
5    agreement that I just mentioned, I do want to speak with you
6    in a little more detail about those provisions.

7              First of all, you are stipulating or have
8    stipulated with the United States that the substance
9    involved in the offense charged in Object One of Count One
10   of the plea agreement -- or excuse me -- of the Indictment
11   is 5 kilograms or more of a mixture and substance containing
12   a detectable amount of cocaine -- let's see -- cocaine base,
13   or crack.  The type and quantity of substance involved in
14   the offense of conviction is a very significant factor in a
15   case.  It determines first the statutory penalties, both the
16   mandatory minimum and maximum penalty that will apply upon
17   conviction in this case; it is a significant factor in
18   determining the advisory guideline calculation; and it can
19   also be a factor in determining a sentence under 18 USC
20   Section 3553.  Do you understand all of that?

21             THE DEFENDANT:  (No response.)

22             THE COURT:  Let me back up first then, Mr. Byrd,
23   and I'll go through it step-by-step.  You are stipulating
24   under the terms of this plea agreement, or agreeing with the
25   United States under the terms of this plea agreement, that

US v. Byrd - Change of Plea - June 1, 2012

1   the substance involved in the offense charged in Object One

2   of Count One of this indictment is 5 kilograms or more of a

3   mixture and substance containing a detectable amount of

4   cocaine base, or crack.  Do you understand that part so far?

5                   THE DEFENDANT:  Yes.

6                   THE COURT:  Now, that stipulation that you have

7   entered into is a stipulation.  I'm going to go backwards.

8   By entering into this stipulation, then at the time of

9   sentencing I would not permit you or your attorney to argue

10  or present evidence that the substance involved in Object

11  One of Count One of the indictment is anything other than

12  cocaine base, or crack, or is a quantity less than

13  5 kilograms.  Do you understand that?

14                  THE DEFENDANT:  (Nodding.)

15                  THE COURT:  Now, under the terms of that

16  stipulation, that stipulation affects the statutory

17  penalties that will apply in this case.  In other words, by

18  stipulating to 5 kilograms or more of a mixture and

19  substance containing a detectable amount of cocaine base, or

20  crack, the statutory penalties that will apply in this case

21  include a sentence of not less than -- or include a sentence

22  of not less than 10 years, that is, a mandatory minimum

23  sentence of 10 years, or more than life in prison.  Do you

24  understand the effect of that stipulation on the statutory

25  penalties?  Do you understand what I'm saying?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  The second thing that that stipulation

3    will affect is the guideline calculation.  The type and

4    quantity of substance involved in the offense of conviction

5    is a substantial factor in calculating the advisory

6    guideline range.  Do you understand that part so far?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And, third, in determining a sentence,

9    I am required to consider both the advisory guideline

10   calculation as well as the factors set forth under 18 USC

11   Section 3553.  One of those factors set forth under that

12   statute is the nature and circumstances of the offense.  So

13   under that statute, your stipulation as to the type and

14   quantity of substance involved in the offense can be a

15   factor that I may use -- I'm not saying I will, but may --

16   use to determine a sentence that is sufficient but not

17   greater than necessary.  Do you understand that?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Do you have any questions about the

20   stipulation you've entered into or its -- the effect of that

21   stipulation on your case?

22         THE DEFENDANT:  No, sir.

23         THE COURT:  Now, second, Mr. Byrd, you are

24   agreeing to waive your right to appeal; that is, in exchange

25   for the Government not filing an enhancement to the sentence

US v. Byrd - Change of Plea - June 1, 2012

that could be imposed, particularly in terms of a mandatory
minimum sentence, you are agreeing to waive your right to
appeal the conviction and sentence on any ground, and you
are also agreeing to waive your right to challenge the
conviction and sentence in any post conviction proceeding.

Do you understand your waiver of your right to
appeal as well as your waiver of your right to challenge the
conviction and sentence in any post conviction proceeding?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, you have reserved the right to
challenge the conviction and sentence in an appeal or in any
post conviction proceeding on four grounds only, and that
is:  Ineffective assistance of counsel; second,
prosecutorial misconduct not known to you at the time of
your guilty plea, which is today; third, a sentence in
excess of the statutory maximum; and, four, a sentence based
on an unconstitutional factor, such as race, religion,
national origin, or gender.

Do you understand your reservation of those rights
under the terms of your agreement, to waive your right to
appeal, and to challenge the conviction and sentence in any
post conviction proceeding?

THE DEFENDANT:  Yes, sir.

THE COURT:  Finally, Mr. Byrd, the United States
has agreed under the terms of this plea agreement to make a

recommendation to the Court at the time of sentencing of a reduction in your offense level pursuant to Section 3E1.1(b) of the sentencing guidelines if you otherwise qualify for that reduction.  However, that is only a recommendation, and it is not binding on this Court.  Do you understand that I can refuse to follow the Government's recommendation in this case?

THE DEFENDANT:  Yes, sir.

THE COURT:  And do you understand that this Court can impose a sentence that is more severe than you may anticipate based on that recommendation?

THE DEFENDANT:  Yes, sir.

THE COURT:  And do you understand that if I should choose not to follow the Government's recommendation, that fact alone is not a reason I would allow you to withdraw this guilty plea?

THE DEFENDANT:  Yes, sir.

THE COURT:  Has anyone made any threats or promises to you other than those contained in the plea agreement in an effort to get you to plead guilty?

THE DEFENDANT:  No, sir.

THE COURT:  And has anyone in any way attempted to force you to plead guilty against your wishes?

THE DEFENDANT:  No, sir.

THE COURT:  Now, in this case, Mr. Byrd, you are

1 | pleading guilty to a felony offense.  If your plea of guilty
2 | is accepted by this Court, you will be adjudicated guilty of
3 | that offense, and, as a result, you will lose certain
4 | valuable civil rights, including the right to vote, the
5 | right to serve on a jury, the right to possess any -- the
6 | right to hold public office, and the right to possess any
7 | type of firearm.  Do you understand these consequences of
8 | your guilty plea?

9 |        THE DEFENDANT:  Yes, sir.

10 |        THE COURT:  Now, in this case before I accept your
11 | plea of guilty, Mr. Byrd, there are certain penalties that
12 | apply by statute that I am required to advise you of.  In
13 | this case with respect to Object One of Count One of the
14 | indictment, based on the stipulation that you have entered
15 | into, that is, 5 kilograms or more of a mixture or substance
16 | containing a detectable amount of cocaine base or crack, the
17 | penalties that apply by statute include all of the
18 | following:

19 |        A mandatory minimum sentence of 10 years, and a
20 | maximum sentence of life imprisonment.

21 |        A fine of not more than $4 million or twice the
22 | gross gain or loss resulting from the offense, whichever is
23 | greater.

24 |        A period of supervised release of not less than
25 | five years.

US v. Byrd - Change of Plea - June 1, 2012

1          A special assessment of $100 is mandatory.

2          Restitution and forfeiture may be ordered if

3    applicable.

4          And I cannot place you on probation or suspend

5    that sentence.

6          Do you understand those statutory penalties that

7    apply upon conviction as to Count One -- Object One of

8    Count One?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Now, with respect to Count Five, which

11    charges a violation of 18 USC Section 924(c), the applicable

12    penalties that apply by statute include all of the

13    following:

14          A mandatory minimum term of imprisonment of five

15    years up to a maximum of life in prison.

16          A fine of not more than $250,000 or twice the

17    gross gain or loss resulting from the offense, whichever is

18    greater.

19          A period of supervised release of not more than

20    five years.

21          A special assessment of $100 is mandatory.

22          Restitution and forfeiture may also be ordered.

23          And the sentence imposed as to Count Five must be

24    imposed to run consecutively to any other sentence imposed

25    in the case.

US v. Byrd - Change of Plea - June 1, 2012

1          Do you understand those statutory penalties that

2     apply as to Count Five?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Now, in advising you of these

5     statutory penalties, I mentioned supervised release.

6     Supervised release means that following any term of

7     imprisonment you'll be placed on a period of supervision by

8     this Court.  During that time, if you violate any of the

9     conditions of that supervised release, you may be given

10    additional time in prison up to the full term of supervised

11    release imposed.  The Court could also impose an additional

12    term of imprisonment and then reimpose supervised release in

13    response to a violation.

14         Do you understand supervised release?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Do you understand all of the possible

17    penalties and consequences of this plea of guilty?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Now, up to this point, Mr. Byrd, I've

20    advised you of the statutory penalties that could be imposed

21    in your case.  Ultimately, it will be up to this Court to

22    determine a sentence which is sufficient but not greater

23    than necessary.  The process of determining that sentence

24    starts by calculating an advisory sentencing guideline range

25    based on sentencing guidelines created by the sentencing

commission. I cannot determine the sentencing guideline

range applicable for your case until after a presentence

report has been prepared. That report will contain a

guideline calculation. Once that report is prepared, both

you and the United States will have the opportunity to

review that report and challenge the facts or the

application of any guidelines as recommended by the

Probation Office in that report.

Do you generally understand the process I've just

described?

THE DEFENDANT: Yes, sir.

THE COURT: Now, Ms. Stewart may have discussed

the guidelines with you, and she may have given you some

estimate of what she thinks your sentencing guideline range

might be or what your sentence might be. However, no one

knows what that guideline range will be until after the

Probation Office has calculated that guideline range in the

presentence report, and I've had the opportunity to consider

that calculation as well as any objections you or the United

States might have.

As a result, do you understand that your guideline

range and your sentence may be different from any estimate

Ms. Stewart may have provided to you?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand that this Court

1   can use a guideline range or impose a sentence that is more

2   severe than any estimated to you by your attorney?

3               THE DEFENDANT:  Yes, sir.

4               THE COURT:  Now, once your guideline range has

5   been determined, it is an advisory sentencing guideline

6   range.  To determine a sentence, I am required to consider

7   that advisory sentencing guideline range, any applicable

8   departures to that range, and then all other factors set

9   forth under 18 USC Section 3553.

10              Do you generally understand the process of

11  determining a sentence?

12              THE DEFENDANT:  Yes, sir.

13              THE COURT:  Now, as a result of that process, do

14  you also understand that this Court has the authority to

15  impose a sentence that is more severe than that called for

16  by the applicable sentencing guideline range?

17              THE DEFENDANT:  Yes, sir.

18              THE COURT:  And do you understand that if your

19  sentence is more severe than that called for by the

20  guidelines, that fact alone is not a reason I would allow

21  you to withdraw this guilty plea?

22              THE DEFENDANT:  Yes, sir.

23              THE COURT:  Do you understand, Mr. Byrd, that

24  parole has been abolished, and if you're sentenced to

25  prison, you will not be released on parole?

US v. Byrd - Change of Plea - June 1, 2012

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  In this case, Mr. Byrd, because you've

3   been charged with a felony, you have certain constitutional

4   rights, and by pleading guilty you will waive many of these

5   constitutional rights.

6          You have the right to plead not guilty to any or

7   all charges.

8          You have the right to a trial by jury, which means

9   you have the right to have your guilt or innocence

10  determined by a jury.

11         At any trial, you are presumed innocent.  The

12  United States is required to prove your guilt of the crime

13  charged beyond a reasonable doubt, which means the United

14  States is required to prove each and every element of the

15  crime charged beyond a reasonable doubt before you can be

16  found guilty.

17         You have the right to the assistance of counsel at

18  all stages of this proceeding -- at all stages of this

19  proceeding, including a trial; and if you cannot afford an

20  attorney, one will be appointed for you.

21         You have the right to see and hear all of the

22  witnesses called to testify.  You have the right to confront

23  those witnesses, and you or your attorney has the right to

24  cross-examine each of those witnesses.

25         You have the right to issue subpoenas and to

US v. Byrd - Change of Plea - June 1, 2012

1   compel the attendance of witnesses to testify in your

2   defense.  If you cannot afford the cost of those subpoenas,

3   the Government can be required to pay those costs for you.

4          You have the right to testify in your own defense

5   if you choose to, but no one can force you to testify; that

6   is, you have the right to refuse to testify.  If you choose

7   not to testify, your refusal to testify cannot be used

8   against you in any way.

9          You have the right to present evidence, but you're

10  not required to present any evidence at all.  If you choose

11  not to present any evidence at all, that fact cannot be used

12  against you.

13         Do you understand each of these rights?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  And do you further understand that by

16  entering this plea of guilty, once your plea is accepted by

17  this Court, there will be no trial, and you will have waived

18  your right to a trial as well as these other rights

19  associated with a trial?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Now, in this case, Mr. Byrd, as I

22  mentioned earlier, you have been charged with and are

23  seeking to enter a plea of guilty to Object One of Count One

24  and to Count Five.  The elements of the offense charged in

25  Object One of Count One of the indictment, which charges a

1    violation of 21 USC Section 846, include all of the

2    following:

3               One, there was an agreement between two or more

4    persons that would undertake conduct that would constitute

5    the offense charged in the indictment; that is, with respect

6    to Object One, to knowingly and intentionally distribute a

7    mixture and substance containing a detectable amount of

8    cocaine base, crack, a controlled substance as charged in

9    the indictment.

10              And, two, that you knew of that conspiracy.

11              And, three, that you knowingly and voluntarily

12   became a member of that conspiracy.

13              Do you understand the elements of the offense

14   charged in Object One of Count One?

15              THE DEFENDANT:  Yes, sir.

16              THE COURT:  Now, with respect to Count Five, which

17   charges a violation of 18 USC Section 924(c)(1), the

18   elements of that offense include all of the following:

19              One, that you committed a drug trafficking crime

20   as alleged in the indictment.

21              And, two, during and in relation to the commission

22   of that crime, or in furtherance of that crime, you

23   knowingly possessed a firearm as charged in the indictment.

24              Do you understand the elements of the offense

25   charged in Count Five?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And do you further understand that by

3    pleading guilty to these two offenses, you are admitting to

4    the elements of the offenses as those facts are set out in

5    the indictment?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Do you have any questions about

8    anything we've been over before I call upon you to enter

9    your plea in this case?

10          THE DEFENDANT:  No, sir.

11          THE COURT:  Then in Case No. 1:11CR203-1, United

12    States of America versus Thomas Marshall Byrd, how do you

13    plead to the offense charged in Object One of Count One of

14    the indictment?

15          THE DEFENDANT:  Guilty.

16          THE COURT:  And how do you plead to the offense

17    charged in Count Five of the indictment?

18          THE DEFENDANT:  Guilty.

19          THE COURT:  And are you pleading guilty because

20    you are, in fact, guilty?

21          THE DEFENDANT:  Yeah.

22          THE COURT:  I'm sorry, did you say yes?

23          THE DEFENDANT:  Yes.

24          THE COURT:  It is the finding of this Court in

25    Case No. 1:11CR203-1 that Mr. Byrd is fully competent and

1   capable of entering an informed plea.  The Court further

2   finds that Mr. Byrd is aware of the nature of the charges

3   and the consequences of his plea, and his plea of guilty is

4   a knowing and voluntary plea.

5            Ms. Stewart, a written factual basis has been

6   filed in Mr. Byrd's case.  Have you received a copy of that

7   and reviewed it with him?

8            MS. STEWART:  Yes, Your Honor.

9            THE COURT:  Are there any objections?

10           MS. STEWART:  No, Your Honor.

11           THE COURT:  Mr. Byrd, do you agree with that?

12  First of all, have you reviewed the factual basis?

13           THE DEFENDANT:  Yes.

14           THE COURT:  And do you generally agree with those

15  facts?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Then it is the finding of this Court

18  Mr. Byrd's plea of guilty is supported by an independent

19  basis in fact containing each of the essential elements of

20  the offense.  His plea is, therefore, accepted, and Mr. Byrd

21  is now adjudged guilty of the offense charged in Object One

22  of Count One and Count Five.

23           Mr. Byrd, as I mentioned earlier, a written

24  presentence report will be prepared in your case.  You will

25  be asked to provide information for that report and to

US v. Byrd - Change of Plea - June 1, 2012

1    submit to an interview.  Ms. Stewart may be present with you

2    and advise you at all stages of that process if you so

3    desire.

4              Once that report is prepared, you will have the

5    opportunity to review that report with Ms. Stewart and file

6    any objections that you might have.  If those objections are

7    not resolved prior to sentencing, I will resolve those

8    objections at the sentencing hearing.

9              Both you and Ms. Stewart will have the opportunity

10   to speak on your behalf at the sentencing hearing.

11             I'll order the preparation of a presentence

12   report, and sentencing is set for Tuesday, September 11,

13   2012, at 2:00 p.m. in Greensboro, Courtroom 1.

14             Ms. Stewart, is there anything further on behalf

15   of Mr. Byrd?

16             MS. STEWART:  No, Your Honor.

17             THE COURT:  All right.  Thank you both.

18             DEFENSE ATTY:  Thank you, Your Honor.

19                  (At 10:04 a.m., proceedings concluded.)

20

21

22

23

24

25

1                              * * * * *

2                     C E R T I F I C A T E

3

4        I, JOSEPH B. ARMSTRONG, RMR, FCRR, United States

5   District Court Reporter for the Middle District of North

6   Carolina, DO HEREBY CERTIFY:

7        That the foregoing is a true and correct transcript of

8   the proceedings had in the within-entitled action; that I

9   reported the same in stenotype to the best of my ability;

10  and thereafter reduced same to typewriting through the use

11  of Computer-Aided Transcription.

12

13

14

15  Date:   01/02/13      Joseph B. Armstrong, RMR, FCRR
                          United States Court Reporter
16                        324 W. Market Street
                          Greensboro, NC  27401
17

18

19

20

21

22

23

24

25

US v. Byrd - Change of Plea - June 1, 2012