```
 1                IN THE UNITED STATES DISTRICT COURT

 2                 MIDDLE DISTRICT OF NORTH CAROLINA

 3
    UNITED STATES OF AMERICA     )
 4                               )  Case No. 1:11CR203-1
         vs.                     )
 5                               )  Greensboro, North Carolina
    THOMAS MARSHALL BYRD,        )
 6                               )  September 11, 2012
         Defendant.              )
 7   _____)  2:00 p.m.

 8

 9                      TRANSCRIPT OF SENTENCE

10         BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.

11                  UNITED STATES DISTRICT JUDGE

12
    APPEARANCES:
13
    For the Government:   RANDALL GALYON, AUSA
14                        Office of the U.S. Attorney
                          251 N. Main Street, Suite 726
15                        Winston-Salem, North Carolina 27101

16

17  For the Defendant:    TERESA DAWN STEWART, ESQUIRE
                          Law Office of Teresa Stewart
18                        868 W. Fourth St.
                          Winston-Salem, NC 27101
19

20
    Court Reporter:       Joseph B. Armstrong, RMR, FCRR
21                        W. Market, Room 101
                          Greensboro, NC  27401
22

23

24         Proceedings reported by stenotype reporter.
       Transcript produced by Computer-Aided Transcription.
25
```

US v. Byrd - Sentence - September 11, 2012

```
 1                  Greensboro, North Carolina
 2                  September 11, 2012
 3              (At 2:00 p.m., proceedings commenced.)
 4              THE COURT:  Good afternoon, Mr. Galyon.
 5              MR. GALYON:  Good afternoon, Your Honor.
 6              THE COURT:  You may proceed.
 7              MR. GALYON:  The first matter for the Court this
 8   afternoon is going to be United States of America versus
 9   Thomas Marshall Byrd.  It's 1:11CR203-1.  Your Honor, he's
10   represented by Teresa Stewart.  The matter is on for
11   imposition of sentence.
12              THE COURT:  All right.  Somebody needs to explain
13   to me what's going on with drug quantity in this case.
14              MS. STEWART:  Your Honor, if I may, we would make
15   a motion to withdraw the objection that was filed and the
16   motion for leave to file objections.  In speaking to
17   Mr. Byrd, we would ask to withdraw that at this point, and
18   we're ready to proceed with sentencing.
19              THE COURT:  As to what quantity?
20              MS. STEWART:  At the 280, Your Honor.
21              THE COURT:  Mr. Galyon -- so everybody is in
22   agreement that instead of 5 kilos it's 280?
23              MR. GALYON:  Yes, Your Honor.
24              THE COURT:  Let me see counsel up here at the
25   bench.
```

```
 1              (Bench conference as follows:)
 2              THE COURT:  I don't want to ask this in front of
 3   the client, but how did this happen, 5 kilos to 280?
 4              MR. GALYON:  I think the issue was that it was 5
 5   kilos -- it should've been the 280 to trigger the 10-year on
 6   the crack cocaine, and it was 5 kilos related to cocaine
 7   hydrochloride, but it still had the cocaine base.  I think
 8   that's where that came into play, so it was -- all along it
 9   was charged as a (b)(1)(A) offense.
10              THE COURT:  It's a big typo, though, and it's one
11   I go through with the defendant individually on, and that
12   really should have been caught at some point.
13              MR. GALYON:  True.
14              THE COURT:  And I think we're revising it in favor
15   of the defendant, so --
16              MR. GALYON:  Right.
17              THE COURT:  -- I'm not going to require that it be
18   in writing, but I am going to go back because I understand
19   typos, but this -- that's a big one.
20              MR. GALYON:  Sure.
21              MS. STEWART:  I understand, Your Honor.
22              THE COURT:  All right.  Well, I'll go through it
23   again.
24              MS. STEWART:  Thank you, Your Honor.
25              (Bench conference concluded.)
```

US v. Byrd - Sentence - September 11, 2012

```
                                                                    4
```

1    THE COURT: All right. So the objection is
2 withdrawn then. Have you reviewed the presentence report
3 with Mr. Byrd?
4    MS. STEWART: Yes, Your Honor.
5    THE COURT: And are there any objections --
6 remaining objections?
7    MS. STEWART: No, Your Honor.
8    THE COURT: Mr. Byrd, let me ask you. First of
9 all, have you reviewed the presentence report with
10 Ms. Stewart?
11    THE DEFENDANT: Yes, sir.
12    THE COURT: And do you generally agree with the
13 report?
14    THE DEFENDANT: Yes, sir.
15    THE COURT: All right. Now, Mr. Byrd, let me --
16 things have changed a little bit. I want to go back and ask
17 you a couple of questions about this revised stipulation as
18 it exists. Ms. Stewart, if you'll grab a Bible there.
19    MS. STEWART: Yes, Your Honor.
20    THE COURT: And, Mr. Byrd, I'm going to ask that
21 Ms. Solomon place you under oath at this time.
22    (Defendant sworn by the clerk.)
23    THE COURT: Mr. Byrd, you're now under oath, and
24 because you're under oath, if you answer any of my questions
25 falsely, your answers may later be used against you in a

1  subsequent prosecution for perjury or making a false
2  statement. Do you understand that?
3           THE DEFENDANT: Yes.
4           THE COURT: Would you state your full name,
5  please.
6           THE DEFENDANT: Thomas Marshall Byrd.
7           THE COURT: And have you been treated recently for
8  any mental illness or addiction to narcotic drugs?
9           THE DEFENDANT: No, sir.
10          THE COURT: Are you currently under the influence
11 of any drug, medication, or alcoholic beverage of any kind?
12          THE DEFENDANT: No, sir.
13          THE COURT: And are you able to hear me and
14 understand this proceeding today?
15          THE DEFENDANT: Yes, sir.
16          THE COURT: Mr. Byrd, you may recall at the time I
17 originally took your plea agreement in the Rule 11 hearing
18 held in this court, I placed you under oath and asked you a
19 series of questions. At that time your plea -- we discussed
20 the fact that your plea agreement contained a provision in
21 which you stipulated to a relevant drug quantity of
22 5 kilograms or more of a mixture and substance containing a
23 detectable amount of cocaine base, or crack. Do you
24 remember that?
25          THE DEFENDANT: Yeah.

```
 1              THE COURT:  All right.  Now, I've been since
 2    informed that that quantity was a mistake in quantity, and
 3    the actual quantity of crack cocaine that the Government
 4    would have requested that you stipulate to and is now --
 5    both the Government and your lawyer have advised me that
 6    you're stipulating to is a quantity of 280 grams or more of
 7    a mixture and substance containing a detectable amount of
 8    cocaine base, or crack, that is, a lower quantity.  Instead
 9    of 5 kilograms, its 280 kilograms [sic].  Do you understand
10    that?
11              THE DEFENDANT:  Yes.
12              THE COURT:  That is a revision to your plea
13    agreement.  Now, it's a revision to your plea agreement very
14    much in your favor because it lowers that quantity
15    substantially.  Do you understand that?
16              THE DEFENDANT:  Yes, sir.
17              THE COURT:  And if I accept this revised quantity,
18    that is, the 280 grams of a mixture and substance containing
19    a detectable amount of crack -- cocaine base, or crack, then
20    in that case I will apply the same rules that I advised you
21    of earlier.  If I accept this stipulation, then I will not
22    permit you or your attorney to argue that the substance
23    involved in the offense charged in this case is anything
24    other than crack -- or I should say with respect to that one
25    prong of the offense is anything other than crack or that
```

it's a substance less than 280 grams of cocaine base, or crack.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Do you want me to accept the modification to your plea agreement with this revised stipulation?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Then I will find -- yeah, it's certainly in Mr. Byrd's favor, substantially in his favor, to amend his plea agreement in that fashion.  But I will find that Mr. Byrd's stipulation is knowingly and voluntarily entered into, particularly considered in light of the original stipulation and the favorable nature of the revision, so I will accept that stipulation.

Let's see.  I've forgotten where I was.  I think, Mr. Byrd, you indicated you had reviewed the presentence report with Ms. Stewart?

THE DEFENDANT:  Yes, sir.

THE COURT:  You generally agree with the report now?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  You may have a seat now, Mr. Byrd.  Then I will adopt the presentence investigation report without change.  In Mr. Byrd's case, both Count One and Count Five carry mandatory minimum terms of

```
 1  imprisonment.  The resulting advisory guideline calculation
 2  is as follows:
 3           A total offense level of 34.
 4           A criminal history category of six.
 5           A guideline imprisonment range of 322 to 387
 6  months.  That's by operation of the two offenses together.
 7           A supervised release range of five years to life
 8  as to Count One and two years to five years as to
 9  Count Five.
10           A fine range of $17,500 to $10 million.
11           And a special assessment of $100 is mandatory.
12           Ms. Stewart, will there be any additional evidence
13  on behalf of Mr. Byrd in this case?
14           MS. STEWART:  No additional evidence, Your Honor.
15           THE COURT:  Then I will hear from you at this
16  time.  Have a seat for just a minute.  Let me catch up.
17  Since the stipulation has been withdrawn, I need to amend a
18  couple of things.  I mean amended.
19           (Short pause.)
20           THE COURT:  All right.  Ms. Stewart, I will hear
21  from you at this time as to what constitutes a sentence that
22  is sufficient but not greater than necessary taking into
23  consideration the advisory guideline calculation as well as
24  all other factors set forth under 18 USC Section 3553.
25           MS. STEWART:  Thank you, Your Honor.  What we're
```

1  requesting the Court to consider is a sentence in the low
2  end of the recommended -- or the guidelines and recommended
3  range as it's stated in the presentencing investigation.
4  We'll tell the Court that that does seem to meet all of the
5  requirements.
6        In speaking to Mr. Byrd, in addition to what is
7  listed already in the report before the Court, is that
8  Mr. Byrd does have two children.  Although that's listed,
9  just to elaborate a little bit on that, his biggest concern
10 when he was discussing things with me is twofold.  One, the
11 gun; and, two, his children.
12       As to the gun, just briefly, Your Honor, although
13 it is attributed to him and he does take full
14 responsibility, initially that gun does belong to someone
15 else.  However, he does accept responsibility, and he does
16 understand that due to statements that are attributed to
17 him, and he just wanted to make the Court aware of that
18 briefly.
19       As to the concerns for his family, he's asking the
20 Court to consider that he did try to find gainful employment
21 and while he is in custody will avail himself of every
22 possible program both to get an education -- as you see, he
23 only had through the 8th grade -- and in addition to try to
24 get employment so that when he is released out of this time
25 frame, he can come out with something behind him that can

help him in the future.

And he's concerned that when he gets out, his children will both be adults. That weighs heavily on him, Your Honor, and he's never had that long of a sentence before. He's never had anything that really took him away from his children, and his concern is what's going to happen to them, and that in a long way goes towards rehabilitation for him because that's something for him to keep in his mind from here on out. It's not just what the court system can do to him, it's what he thinks about everyday as to what he's done with his family being taken away from him.

Your Honor, I would ask the Court to hear from Mr. Byrd. He did have some concerns that he wanted to raise to the Court. But before that, I would once again ask for the low end, and we're asking the Court to consider recommending any programs that are available for him in custody both through drug, behavioral, and educational.

Also he's asking if he could be recommended to be sentenced as close to Forsyth County, North Carolina, as possible as that's where the majority of his family lives. It's where his sisters are, it's where his children are located, and his mother who he did not have a close relationship with, but he's working on that now. That's also where she's located, Your Honor.

THE COURT: All right. Thank you, Ms. Stewart.

```
 1  Mr. Byrd, let me hear from Mr. Galyon, and then I'll hear
 2  from you.  Mr. Galyon, anything?
 3            MR. GALYON:  Your Honor, just agree with the low
 4  end sentence.
 5            THE COURT:  All right.  Mr. Byrd, let me say
 6  you're represented by counsel, so you're not required to say
 7  anything.  If you choose to remain silent, your silence will
 8  not be held against you in any way whatsoever, but you do
 9  have the right to address the Court before any sentence is
10  imposed; and if you wish to address the Court, now is the
11  appropriate time.
12            THE DEFENDANT:  Yes.
13            THE COURT:  All right.
14            THE DEFENDANT:  I just want to say I'm sorry for
15  my actions, and I take full responsibility for my actions.
16  And I just want a second chance in life and a second chance
17  to raise my son, so he won't make the same mistake I made.
18  That's all.
19            THE COURT:  All right.  Well, in Mr. Byrd's case,
20  this is a -- obviously a substantial sentence driven
21  primarily by Mr. Byrd's status as a career offender in this
22  case.  After taking into consideration the advisory
23  guideline calculation as well as all other factors set forth
24  under 18 USC Section 3553, I find that a sentence at the low
25  end of the guidelines, that is, 262 months as to Count One
```

and 60 months as to Count Five, particularly taking into consideration those sentences will run consecutively to each other, is sufficient but not greater than necessary in Mr. Byrd's case.

Looking at the nature and circumstances of the offense, certainly those factors are serious in that it does appear that Mr. Byrd was both cooking and selling -- cooking and selling crack as well as powder and armed at the time as well. I do not see verifiable employment.

And in looking at Mr. Byrd's history, we see a substantial and repeated history of the sale of cocaine -- or sale of controlled substances and prosecution for those offenses. Those prior sentences, although substantially shorter than this sentence, were simply insufficient to deter Mr. Byrd from further criminal conduct, and, therefore, the need to protect the public and to afford adequate deterrence is substantial, but a sentence at the low end of the guideline range is sufficient.

So I will impose that sentence, Ms. Stewart. The supervised release will be on the terms and conditions set forth in the presentence report. Is there anything further you wish to address before I impose that sentence?

MS. STEWART: Not regarding sentence, Your Honor.

THE COURT: All right. Then in Case No. 1:11CR203-1, United States of America versus Thomas

US v. Byrd - Sentence - September 11, 2012

Case 1:11-cr-00203-WO   Document 54   Filed 01/02/13   Page 12 of 17

```
 1  Marshall Byrd, as to Count One, it is hereby ordered that
 2  the defendant is committed to the custody of the Bureau of
 3  Prisons for a period -- for a term of 262 months followed by
 4  five years of supervised release.  A special assessment of
 5  $100 is mandatory, is hereby imposed, and is due and payable
 6  immediately.  A fine is waived because of the defendant's
 7  inability to pay, and restitution is not imposed in
 8  Mr. Byrd's case.
 9          I do recommend to the Bureau of Prisons that the
10  defendant be designated to a facility as close to his home
11  as possible; to a facility where he may participate in an
12  intensive substance abuse treatment program; in the inmate
13  financial responsibility program; and finally that the
14  defendant be designated to a facility where he may
15  participate in such educational opportunities as may be
16  reasonably available through the Bureau of Prisons.
17          As to Count Five, the defendant is committed to
18  the custody of the Bureau of Prisons for a term of 60
19  months.  That sentence is imposed to run consecutively to
20  the sentence imposed as to Count One followed by five years
21  of supervised release which shall run concurrently.  A $100
22  special assessment is mandatory, is hereby imposed, and is
23  due and payable immediately as to Count Five for a total of
24  $200 in special assessments.
25          During the period of supervised release, it is
```

```
 1  ordered that the defendant shall comply with the standard
 2  terms and conditions of supervised release.  In addition to
 3  the standard terms and conditions, the following special
 4  conditions are imposed:
 5           One, the defendant shall provide any requested
 6  financial information to the probation officer.
 7           Two, the defendant shall submit his person,
 8  residence, office, vehicle, or any property under his
 9  control to a warrantless search.  Such a search shall be
10  conducted by a United States Probation officer at a
11  reasonable time and in a reasonable manner based upon
12  reasonable suspicion of contraband or evidence of a
13  violation of a condition of release.  Failure to submit to
14  such a search may be grounds for revocation.  The defendant
15  shall warn any residents that his premises may be subject to
16  such searches.
17           Three, the defendant shall submit to substance
18  abuse testing at any time as directed by the probation
19  officer.  The defendant shall cooperatively participate in a
20  substance abuse treatment program which may include drug
21  testing and inpatient or residential treatment and pay for
22  those treatment services as directed by the probation
23  officer.  During the course of any treatment, the defendant
24  shall abstain from the use of any alcoholic beverages.
25           Mr. Byrd, you do have the right to appeal the
```

```
 1  sentence that I have imposed in this case.  If you choose to
 2  appeal, notice of appeal must be filed within 14 days of
 3  entry of judgment.  If you wish to appeal and cannot afford
 4  the services of counsel, counsel will be appointed to
 5  represent you.  Ms. Stewart will be responsible for advising
 6  you with respect to your right to appeal and filing a notice
 7  of appeal if you instruct her to do so.
 8            Anything further, Ms. Stewart?
 9            MS. STEWART:  Your Honor, a motion to dismiss as
10  to the remaining Counts Three, Four, Six, and Count Two,
11  Object Two.
12            THE COURT:  I will order the dismissal of any
13  remaining counts pursuant to the terms of the plea agreement
14  in Mr. Byrd's case.
15            Let me revise that, Mr. Byrd.  You do have an
16  appeal waiver in your case which limits to a substantial
17  degree the issues that you have reserved the right to
18  appeal, but Ms. Stewart will go over that with you at the
19  appropriate time.
20            Anything further, Mr. Galyon?
21            MR. GALYON:  Your Honor, just ask for a
22  destruction order related to the firearms and also the drugs
23  in the case.
24            THE COURT:  I'll order any controlled substances
25  seized at the conclusion of any applicable -- destroyed at
```

1  the conclusion of any applicable appeals period.  The
2  firearms seized are to be returned to a lawful, rightful
3  owner if one can be located; and, if not, they are to be
4  destroyed at the conclusion of the appeals period.
5          MS. STEWART:  Thank you, Your Honor.
6          THE COURT:  Good luck to you, Mr. Byrd.
7              (At 2:19 p.m., proceedings concluded.)

* * * *

C E R T I F I C A T E

I, JOSEPH B. ARMSTRONG, RMR, FCRR, United States District Court Reporter for the Middle District of North Carolina, DO HEREBY CERTIFY:

That the foregoing is a true and correct transcript of the proceedings had in the within-entitled action; that I reported the same in stenotype to the best of my ability; and thereafter reduced same to typewriting through the use of Computer-Aided Transcription.

Date:    01/02/13         _____
                          Joseph B. Armstrong, RMR, FCRR
                          United States Court Reporter
                          324 W. Market Street
                          Greensboro, NC  27401