```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

THOMAS MARSHALL BYRD,           )
                                )
          Petitioner,            )
                                )        1:15CV1028
    v.                           )        1:11CR203-1
                                )
UNITED STATES OF AMERICA,        )
                                )
          Respondent.            )

**ORDER**

This matter is before this court for review of the Memorandum Opinion and Recommendation filed on December 6, 2018, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 105.) In the Recommendation, the Magistrate Judge recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 85), and his Johnson Motion, (Doc. 98), be denied without issuance of a certificate of appealability. The Recommendation was served on the parties to this action on December 6, 2018 (Doc. 106). Petitioner filed objections, (Doc. 108), and supplemental objections, (Doc. 109), to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objections were made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation.[1] This court therefore adopts the Recommendation.

---

[1] Ground One of Petitioner's Motion under 28 U.S.C. § 2255 alleges that Petitioner received ineffective assistance due to his counsel's "[f]ailure to file a motion to suppress in [this] Court" challenging evidence seized pursuant to a search warrant "following a viable submission in states [sic] court." (Doc. 85, ¶ 12 (Ground One); see also Doc. 96 at 3.) In the Recommendation, the Magistrate Judge noted, as one of three reasons for denying Ground One, that "Petitioner did not attach (or incorporate) the pertinent search warrant materials" and therefore "'[i]t [wa]s impossible to determine what, if any, action [his] counsel . . . should have taken . . . because there [wa]s no relevant [documentation] supporting [Petitioner's] assertions.'" (Doc. 105 at 9 (quoting United States v. Fortner, 117 F. App'x 244, 246 (4th Cir. 2004)).) Although Petitioner attached a copy of the search warrant to his Objections, (see Doc. 108 at 11-14), neither the search warrant nor his Objections and Supplemental Objections cure the remaining two defects to Ground One, i.e., that Tollett v. Henderson, 411 U.S. 258, 267-68 (1973), bars his claim, (see Doc. 105 at 5-6), and that "[t]he suppression motion that Petitioner's counsel filed in state court does not set forth any basis that would have permitted suppression of the drug and firearm evidence seized," (id. at 8), and, thus, Petitioner demonstrated neither his counsel's deficient performance nor that Petitioner suffered prejudice. (Id. at 6-9.) Petitioner also attached an affidavit to his Objections, (see Doc. 108 at 9-10); however, none of the information set out therein undermines the proposed conclusions in the Recommendation.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 105), is **ADOPTED. IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 85), and his Motion to Preserve Rights under Johnson v. United States, (Doc. 98), are **DENIED** and that this action is dismissed with prejudice. A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 12th day of March, 2019.

_____
United States District Judge